By the Court.—McAdam, J.
Plaintiff was, on February 27, 1890, a passenger in one of the cars going up-town. When the car reached a point on First avenue between 65th and 66th streets, it found the track blocked by a broken-down furniture van or truck. The passengers were requested by the conductor to get out and assist in getting the car off the track, so as to get around the truck that the car might continue its journey. The passengers, among them the plaintiff, obeyed the request, and while thus assisting, a car coming down the avenue, finding itself blocked by the same obstacle, “ jumped ” the track, but instead of “ jumping ” to the West, which would be the proper thing for it to do, it “ jumped ” to the East, and caught the plaintiff between the cars, doing him the injuries of which he complains. If the down-town car had “jumped” the track to the West as it should have done, the danger would have been avoided, but “ jumping ” toward the East naturally brought it in collision with the up-town car, and in this manner the damage was done. The plaintiff was lawfully upon the street at the time, by the invitation of the defendant’s conductor in charge of the up-town car. He had no warning of the danger, and cannot be said to have contributed to the collision or to the bringing the injury upon himself.
The learned trial.judge submitted the question of negligence to the jury, and they found for the plaintiff, on evidence which sustains their verdict, which was moderate in amount. The defendant’s counsel moved to dismiss the complaint on the ground that the testimony and circumstances detailed neither proved negligence on the part of the defendant nor freedom from fault on the part of the plaintiff. The motion was properly denied, as the evidence and the inferences to be drawn from it were matters about which minds might differ, and it was for the jury to determine the question of fact involved.
*106 No error was committed during the trial, and the judgment and order denying the motion for a new trial must be affirmed, with costs.
Freedman, J., concurred.